UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  5:25-cv-02392-SVW-KS                                          Date: September 23, 2025

Title  *Robert Michael Vanleeuwen-Tafoya v. Unknown*

Present: The Honorable:     Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner: N/A     Attorneys Present for Respondent: N/A

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On September 2, 2025, Petitioner, a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). (Dkt. No. 1.) The Petition raises multiple claims of ineffective assistance of appellate counsel as well as an assertion of factual innocence and cumulative error. (*Id.*) However, the Petition was not drafted on the court-approved form for doing so, specifically, the form Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) (Form CV-69), and it is missing nearly all of the background information that would have been supplied if Petitioner had used the form.

Having now screened the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), and for the reasons stated below, Petitioner is ordered to show cause, no later than **Thursday, October 23, 2025**, why the Petition should not be dismissed on the ground that it is unexhausted.

### BACKGROUND

Based on the case numbers reflected in the Petition and publicly available state court records, the Court gleans that Petitioner is in custody following a December 13, 2021 conviction in the Riverside County Superior Court for stalking with a restraining order in place (Cal. Penal Code § 646.9(b)); eight counts of filing a false and forged instrument (Cal. Penal Code § 115); seven counts of perjury (Cal. Penal Code § 118); and one count of attempted child abduction (Cal penal Code § 278). *People v. Tafoya*, 109 Cal. App. 5th 868, 891 (Cal. Ct. App. 2025). Petitioner admitted that he suffered one prior "strike" conviction and, on July 21, 2022, the trial court sentenced Petitioner to a total term of 25 years and 8 months in state prison. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02392-SVW-KS                                                        Date: September 23, 2025

Title     *Robert Michael Vanleeuwen-Tafoya v. Unknown*

Petitioner appealed the decision to the California Court of Appeal, Fourth Appellate District, Division Two, and on March 17, 2025, the state court of appeal reversed one of the perjury counts and remanded for re-sentencing, but affirmed the judgment of conviction in all other respects. *Id.* at 902, 907. The California Supreme Court denied review of the state court of appeal's decision on June 18, 2025 (California Supreme Court case no. S290586). *See* https://appellatecases.courtinfo.ca.gov (last accessed on September 23, 2025).[1]

Petitioner's state court records reflect that he filed three habeas petitions in the California Supreme Court, all of which were summarily denied without comment or citation, the most recent denial being issued on June 18, 2025, in California Supreme Court case no. S290614. *Id.* Petitioner's publicly available state court records do not reflect what claims he raised in his habeas petitions before the California Supreme Court and petitioner has not provided that information. *Id.* It is also not clear from Petitioner's state court records whether he has yet been re-sentenced by the trial court on remand. *See* https://epublic-access.riverside.courts.ca.gov/public-portal (last accessed on September 23, 2025).

**LEGAL STANDARD**

Rule 4 of the Habeas Rules requires the Court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Thus, Rule 4 reflects Congress's intent for the district courts to take an active role in summarily disposing of facially defective habeas petitions. *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998); *see also* 28 U.S.C. § 2243 (if it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may dismiss the action without ordering service on the requested party). However, a district court's use of this summary dismissal power is not without limits. *Boyd*, 147 F.3d at 1128. To the contrary, a habeas court must give a petitioner notice of the defect and the consequences for failing to correct it as well as an opportunity to respond to the argument for dismissal. *Id.*

Accordingly, **this Order is intended to give Petitioner notice that the Petition is subject to dismissal because he has failed to establish that the claims therein are exhausted**.

---

[1] *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:25-cv-02392-SVW-KS                                                   Date: September 23, 2025

Title     <u>Robert Michael Vanleeuwen-Tafoya v. Unknown</u>

**THE PETITION FAILS TO ESTABLISH THAT THE CLAIMS ARE EXHAUSTED**

    As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).  Thus, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs this action, explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).

    To satisfy AEDPA's exhaustion requirement, a state prisoner must "fairly present" his federal claims to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).  In California, a state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); *Keating v. Hood*, 133 F.3d 1240, 1242 (9th Cir. 1998).

    Here, there is nothing reflected in the Petition (aside from Petitioner's unsupported statement that he has "exhausted all avenues for relief and claims in state courts of law") to indicate that Petitioner's current ineffective assistance of appellate counsel claims have been addressed by the California Supreme Court.  Consequently, the Petition is subject to dismissal as wholly unexhausted.  *Rose*, 455 U.S. at 510, 521.[2]

\\
\\
\\

---

[2] Petitioner has also failed to name any respondent.  Habeas Rule 2(a) requires a habeas petitioner to "name as respondent the state officer who has custody" of the petitioner pursuant to a state-court judgment.  Here, Petitioner is currently housed at Salinas Valley State Prison in Soledad, California ("SVSP").  The official website for SVSP indicates that the Acting Warden is Kelly Santoro.  *See* https://www.cdcr.ca.gov/facility-locator/SVSP (last accessed on September 23, 2025).  Therefore, in any First Amended Petition, Petitioner should name Ms. Santoro as the respondent or this action will again be subject to dismissal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   5:25-cv-02392-SVW-KS                                               Date: September 23, 2025

Title   <u>Robert Michael Vanleeuwen-Tafoya v. Unknown</u>

**CONCLUSION**

**Petitioner is ORDERED TO SHOW CAUSE on or before Thursday, October 23, 2025**, **why the Petition should not be dismissed**—that is, Petitioner must file, no later than **October 23, 2025**, a signed First Amended Petition for Writ of Habeas Corpus establishing that his claims are fully exhausted because Petitioner presented them to the California Supreme Court and the California Supreme Court has addressed them.  Petitioner is **strongly** encouraged to **prepare his First Amended Petition by fully completing a court-approved form (Form CV-69), a copy of which will be included with this order for Petitioner's convenience.**

Petitioner's failure to timely show cause for proceeding with this action will result in the Court recommending dismissal pursuant to Rule 4 of the Habeas Rules.

**Alternatively**, Petitioner is admonished that "[i]ncarcerated individuals who seek to challenge their imprisonment through a federal habeas petition are generally afforded one opportunity to do so." *Rivers v. Guerrero*, 605 U.S. 443, 446 (2025).  To the extent Petitioner has not yet been resentenced on remand from the California Court of Appeal and would seek to preserve his ability to pursue federal habeas relief until his state court proceedings are fully completed, **he may voluntarily dismiss this action without prejudice by filing a signed document entitled "Notice of Voluntary Dismissal" in accordance with Federal Rule of Civil Procedure 41(a)(1)**.

Petitioner is encouraged to utilize this Court's Federal Pro Se Clinic.  The Clinic offers information and guidance to individuals who are representing themselves in federal civil actions.  The Clinic is administered by a non-profit law firm, Public Counsel, not by the Court.  More information is available at:  http://prose.cacd.uscourts.gov.

The Clerk is directed to send Petitioner a copy of the Central District's form habeas petition (Form CV-69) and a copy of the Central District's form Notice of Voluntary Dismissal.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |